UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARYLIN J. TAYLOR, | ) |
| Plaintiff, | ) Case No. C10-1445-RSL-BAT |
| v. | ) **REPORT AND** |
| SHARON FAE, et al., | ) **RECOMMENDATION** |
| Defendants. | ) |

Plaintiff, Marylin Taylor, proceeding pro se has filed an application for leave to proceed in forma pauperis in the instant civil rights complaint. Dkt. 1; Dkt. 4. By separate Order, the Court has granted plaintiff's application to proceed in forma pauperis and will now proceed to review plaintiff's complaint as allowed under 28 U.S.C. § 1915.

On September 10, 2010, plaintiff filed a complaint in this civil rights action (Dkt. 1, attach. 1) and the matter was referred to the undersigned United States Magistrate Judge for further proceedings. Dkt. 6. After reviewing the complaint, the Court recommends that plaintiff's complaint and this case be **DISMISSED** with prejudice for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] Under *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam), the screening provisions of § 1915(e) may properly be applied to non-prisoner civil litigants seeking to proceed in forma pauperis.

REPORT AND RECOMMENDATION- 1

Plaintiff brings this lawsuit under 42 U.S.C. § 1983.  Plaintiff's complaint alleges that on the night of June 2, 2010, the defendants, two homeless women staying overnight at the Hammond House Shelter, stole personal items from plaintiff while she was sleeping.  Dkt. 1, attach. 1 at 2.  As relief, plaintiff seeks compensatory and punitive damages to be paid to plaintiff and to the court, or that the defendants receive time in prison.  *Id*. at 8.

In civil-rights actions, the Court should construe pro se pleadings liberally and afford the plaintiff the benefit of doubt.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, even construing plaintiff's complaint liberally, the Court finds she has failed to state a claim upon which relief can be granted.

To state a claim under § 1983, plaintiff must show that (a) she suffered a violation of rights protected by the Constitution or created by federal statute, and (b) the violation was proximately caused by a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1429 (9th Cir. 1991).  Defendants are two private citizens accused of stealing from plaintiff, and plaintiff makes no allegation that defendants were acting under color of state law.  Plaintiff's claim under § 1983 thus fails on its face because the defendants are not state actors.

Because plaintiff's complaint fails to state a claim on which relief can be granted, and no amendment could correct the deficiency, the Court recommends that this action be **DISMISSED**, prior to service, under §1915(e)(2)(B)(ii).  The Court is mindful that it should normally grant a pro se plaintiff leave to amend before dismissing a deficient complaint.  But that rule applies where it appears possible that the plaintiff can correct the defect.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Here, the Court finds the defect cannot be cured.  No additional information would cure the fact that the defendants are two homeless women and are not state actors under § 1983.  If plaintiff believes that the deficiencies can be cured, she should file an

REPORT AND RECOMMENDATION- 2

1  amended complaint with her objections, if any, to this Report and Recommendation no later than

2  **October 12, 2010**.  A proposed Order accompanies this Report and Recommendation.

3  DATED this 21st day of September, 2010.

```
                                          /s/ 
                                   _____
                                   BRIAN A. TSUCHIDA
                                   United States Magistrate Judge
```

REPORT AND RECOMMENDATION- 3